# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT C. CORDARO,<br><br>               Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondent. | CIVIL ACTION NO. 3:17-CV-00215<br><br>(CAPUTO, J.)<br>(MEHALCHICK, M.J.) |

## MEMORANDUM

Before the Court is a motion for release from custody and bail pending habeas corpus proceedings filed through counsel by Petitioner Robert C. Cordaro. (Doc. 3). In the present motion and underlying petition for writ of habeas corpus filed the same day, Cordaro argues that the Supreme Court's decision in *McDonnell v. United States*, — U.S. —, 136 S.Ct. 2355 (2016), results in an interpretation of the law decriminalizing the conduct for which he was convicted. Cordaro seeks release pending a ruling on his habeas petition, on the grounds that *McDonnell* constitutes "special reasons for granting release" and exceptional and extraordinary circumstances warrant his release. (Doc. 3). In addition to the motion for release, the Government has filed a motion to strike Cordaro's second reply brief on this matter under Local Rule 7.7. For the rationale below, the Court finds that Cordaro does not meet the standards for release, and accordingly his motion should be denied. Additionally, his second reply brief shall be stricken.

I. **BACKGROUND AND PROCEDURAL HISTORY**

Because the factual predicate to this case is discussed at length elsewhere, the Court only mentions the facts relevant to consideration of the instant motion.

On June 21, 2011, a jury convicted Cordaro of: one count conspiracy to commit theft or bribery concerning programs receiving federal funds;[1] two counts bribery concerning programs receiving federal funds;[2] one count conspiracy to commit extortion under color of official right;[3] two counts extortion under color of official right;[4] one count money laundering conspiracy;[5] three counts money laundering;[6] one count racketeering;[7] one count racketeering conspiracy;[8] one count conspiracy to defraud the United States;[9] three counts subscribing and filing a materially false tax return;[10] and two counts tax evasion.[11] *USA v. Cordaro*, No. 3:10-CR-00075-ARC-1 (hereinafter "*Cordaro I*"). (*Cordaro I*, Doc. 132). On February, 12, 2012, Cordaro was sentenced to a prison term of 132 months, to be served concurrently, followed by a three year term of supervised release, as well as monetary fines. (*Cordaro I*, Doc. 267). Cordaro appealed his conviction, with the Third Circuit affirming a majority of the District Court's sentence on May 31, 2013. *United States v. Munchak*, 527 F.App'x 191 (3d Cir. 2013). On November 21,

---

[1] 18 U.S.C. § 371.
[2] 18 U.S.C. § 666(a)(1)(B).
[3] 18 U.S.C. § 1951(a).
[4] 18 U.S.C. § 1951.
[5] 18 U.S.C. § 1956(h).
[6] 18 U.S.C. § 1956(a)(1)(B)(1).
[7] 18 U.S.C. § 1962(c).
[8] 18 U.S.C. § 1962(d).
[9] 18 U.S.C. § 371.
[10] 26 U.S.C. § 7206(1).
[11] 26 U.S.C. § 7201.

2013, Cordaro filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, citing ineffectiveness of trial counsel. *Cordaro v. United States*, No. 3:13-CV-02835. (*Cordaro I*, Doc. 321). On August 18, 2015, following an evidentiary hearing on the matter, Judge Caputo denied Cordaro's motion to vacate and declined to issue a certificate of appealability. (*Cordaro I*, Doc. 515).

On June 27, 2016, the Supreme Court issued the opinion that precipitated Cordaro's currently pending petition for writ of habeas corpus: *McDonnell v. United States*, 136 S.Ct. 2355 (2016). In *McDonnell*, the Court determined that the jury instructions, which provided the text of the statute without limitations, could be construed as overly broad and inclusive of fairly routine acts not intended by Congress to be deemed "official" such as arranging meetings, phone calls, etc. *McDonnell*, 136 S.Ct. at 2371. The Court reasoned that the jury may have convicted McDonnell based on acts that were not unlawful, and therefore could not ensure that the errors in the instructions were harmless beyond a reasonable doubt. *McDonnell*, 136 S.Ct. at 2375.

Arguing that *McDonnell* announced a new rule of constitutional law that was unavailable at the time of his conviction and retroactively applied, Cordaro sought leave to file a second or successive § 2255 petition. The Third Circuit denied Cordaro's application, stating *McDonnell* "did not announce a new rule of constitutional law, but rather clarified the meaning of what constitutes an official act."

On February 3, 2017, Cordaro instituted the matter presently before this Court, filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). At Cordaro's trial, the jury instructions did not include any limitation to 18 U.S.C. § 201's definition of "official acts." Based on *McDonnell*, Cordaro argues that the jury instructions at his trial were erroneous and

the jury may have convicted him of non-criminal conduct. (Doc. 1, at 16). He argues the *McDonnell* decision articulates a new standard of law, constituting exceptional circumstances warranting § 2241 habeas relief.

Simultaneous with the filing of his habeas petition, Cordaro filed the instant motion for release from custody and bail pending habeas corpus proceedings. (Doc. 3). In support of his motion, Cordaro argues that *McDonnell* constitutes "special reasons for granting release" and that exceptional and extraordinary circumstances exist warranting release. (Doc. 3). Expanding on the former, Cordaro argues *McDonnell* "articulated a new, narrower interpretation for the 'official act' requirement of Hobbs Act extortion and bribery charges. Mr. Cordaro was never given the opportunity to challenge his conviction based on this change in substantive law." (Doc. 3, at 5). Cordaro argues release is warranted and cites precedent from *United States v. Silver*, where the District Court for the Southern District of New York granted a petitioner convicted of similar offenses release pending disposition of his habeas petition based on *McDonnell*. *United States v. Silver*, 203 F.Supp.3d 370 (S.D. N.Y. 2016), *vacated and remanded on other grounds United States v. Silver*, 864 F.3d 102 (2d Cir. 2017). (Doc. 3, at 7). Cordaro also argues that exceptional and extraordinary circumstances exist warranting release, including his ties to the community, lifelong residence in Pennsylvania, no risk of flight or threat to society, lack of violent offenses, and prior release on bail during the underlying proceedings. (Doc. 3, at 8).

The Government responds that Cordaro is not entitled to release, based on different considerations. Citing *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992), the Government contends that Cordaro must show "substantial constitutional claims upon which he has a high probability of success, and . . . extraordinary and exceptional circumstances exist which make

the grant of bail necessary to make the habeas remedy effective." (Doc. 16, at 47). The Government states that Cordaro cannot establish a high probability of success, or the existence of extraordinary or exceptional circumstances. (Doc. 16, at 48). Again citing *Landano*, the Government contends that the latter considerations are reserved for cases of poor health or impending completion of a sentence by a petitioner, neither of which are applicable to Cordaro. (Doc. 16, at 48).

On April 24, 2017, Cordaro filed a reply brief wherein he reiterated his positions, arguing *McDonnell* constitutes a change in the law and that special reasons warrant his release while the Court considers his petition. (Doc. 19, at 7). On June 9, 2017, Cordaro filed a supplemental reply brief, focused primarily on his connection to the community, the fact that he is not a flight risk, and the fact that he poses no risk to society. (Doc. 20). On June 16, 2017, the Government moved to strike this reply pursuant to Local Rule 7.7. (Doc. 21).

The parties attended oral argument on July 19, 2017, in which they affirmed their respective positions. (Doc. 27). This matter is ripe for review.

II. DISCUSSION

    A. CORDARO HAS NOT MET THE STANDARDS FOR RELEASE, AS HE HAS NOT ESTABLISHED A HIGH PROBABILITY OF SUCCESS ON THE MERITS, NOR EXTRAORDINARY CIRCUMSTANCES WARRANTING RELEASE.

In *Lucas v. Hadden*, 790 F.2d 365, 366 (3d Cir. 1986), the Third Circuit adopted the standards set forth by other circuit courts of appeal in reviewing requests for bail pending disposition of a habeas petition, namely that a petitioner must demonstrate (1) "a clear case for habeas relief on the law and facts" and (2) "exceptional circumstances" warranting special treatment. *Lucas*, 790 F.2d at 367. In *Hilton v. Braunskill*, 481 U.S. 770 (1987), the majority reasoned that the standards governing release of a state prisoner pending resolution of the

prisoner's habeas petition are best governed by the standards articulated in Rule 23 of the Federal Rules of Civil Procedure for staying a civil judgment. *Hilton*, 481 U.S. at 775. The Third Circuit found this guidance equally applicable to a federal prisoner later that year. *See United States v. Smith*, 835 F.2d 1048, 1050 (3d Cir. 1987). The Court noted that a "presumption of correctness must be accorded the initial custody determination, which may be overcome in the appellate court for special reasons shown." *Smith*, 835 F.2d at 1050 (quoting *Hilton*, 481 U.S. at 772) (internal quotations omitted). The Court then stated that the:

> standards governing stays of civil judgments should guide courts in determining whether to release a habeas petitioner pending appeal; these include whether the applicant has made a "strong showing that he is likely to succeed on the merits," irreparable injury, injury to other parties interested in the proceeding, and the public interest.

*Smith*, 835 F.2d at 1050 (quoting *Hilton*, 481 U.S. at 776).

The Court also noted *Hilton*'s consideration of other factors such as the government's interest in continued custody pending a final determination of the case on appeal, which is strongest where the remaining portion of a petitioner's sentence is a long one. *Smith*, 835 F.2d at 1050 (citing *Hilton*, 481 U.S. at 777).

In *Landano v. Rafferty*, 970 F.2d 1230 (3d Cir. 1992) – the case identified by the government in support of its position on this issue – the Third Circuit again considered the standards governing a motion for release during habeas corpus proceedings. The Court articulated three circumstances for consideration, the last of which was "when the district court has pending, but has not yet decided, a petition for habeas corpus. *Landano*, 970 F.2d at 1239. The Court noted that other circuits considering similar circumstances held that "bail pending post-conviction habeas corpus review was available 'only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also

when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective.'" *Landano*, 970 F.2d at 1239 (quoting *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974)). *See also Martin v. Solem,* 801 F.2d 324, 329 (8th Cir. 1986) (applying same standard). Other Third Circuit courts have since adopted this interpretation. *See Pelullo v. United States*, 487 F.App'x 1, 3 (3d Cir. 2012) (not precedential); *United States v. Stewart*, 127 F.Supp.2d 670, 671 (E.D. Pa. 2001); *United States v. Bui*, CIVIL No. 10-cv-05517, 2011 WL 13113449 (E.D. Pa. Sep. 15, 2011), *vacated and remanded on other grounds by United States v. Bui*, 795 F.3d 363 (3d Cir. 2015).

The *Landano* Court also noted that the standard set forth in *Smith* was arguably "more liberal toward release from custody than warranted," as *Smith* provided no occasion to consider the necessity of extraordinary or exceptional circumstances as a result of the petitioner's reliance upon a high probability of success.[12] *See Landano*, 970 F.2d at 1239, n. 19. *See also Armstrong v. Grondolsky*, 290 F.App'x 451, 453 n. 2 (3d Cir. 2008) (not precedential). "Very few cases have presented extraordinary circumstances, and those that have seem to be limited to situations involving poor health or the impending completion of the prisoner's sentence." *Landano*, 970 F.2d at 1239.

Cordaro has not met the standards warranting release during the judicial consideration of his petition for habeas corpus. As articulated more fully in the Report and Recommendation docketed concurrently with this Memorandum, the Court does not find Cordaro has established

---

[12] Notably, *Smith*'s petition also centered upon a change in the law undermining his conviction. *Landano*, 970 F.2d at 1239, n. 19

a high probability of success on the merits of his petition. In summary, even if the instructions proffered at Cordaro's criminal trial were insufficient in light of *McDonnell*, Cordaro has not established actual innocence as a result of any error. Although *McDonnell* limits the scope of conduct that may be considered an "official act" under 18 U.S.C. § 201, the charges presented to the jury in this case were exclusively limited to conduct remaining indisputably "official" under pre- or post-*McDonnell* interpretations. Cordaro has not established that no reasonable juror would have convicted him had the jury instructions comported with the limitations set forth in *McDonnell*.

Further, even assuming he had established a high probability of success on the merits, Cordaro has not shown that exceptional and extraordinary circumstances warrant his release. The factors cited by Cordaro—lifelong residency, lack of flight risk or threat to society, consistent attendance in court proceedings, and prior release during the criminal trial—are all considerations applicable in considering bail upon an arrest. However these factors differ from those cited by the Third Circuit for release on bail in a *habeas* setting. Courts have repeatedly identified significant health concerns and pending completion of a sentence as the extraordinary circumstances warranting release. *See Landano*, 970 F.2d at 1239. While no court has gone so far as to render these two circumstances exclusive, it is plain that only in extreme circumstances will release be afforded. Cordaro's stated exceptional and extraordinary circumstances do not give the Court a basis for finding a significant injustice akin to failing health or sentence completion resulting from his continued detention while the District Court considers his petition.

Thus, as a result of the foregoing, Petitioner Robert C. Cordaro's motion for release from custody and bail pending habeas corpus proceedings (Doc. 3) is **DENIED**.

### B. Cordaro's Second Reply Brief is Impermissible Under Local Rule 7.7.

On April 24, 2017, Cordaro filed a reply brief, asserting his position on the merits of his motion for release. (Doc. 19). On June 9, 2017, Cordaro followed this brief with a "supplemental submission regarding bail issues." (Doc. 20). The Government challenges this second reply as running afoul of the Local Rules, as well as failing to raise any considerable support for his motion. (Doc. 21). Cordaro has not filed any support for consideration of his reply, nor opposition to the Government's motion.

Plainly, Cordaro's June 9, 2017 submission is not permitted under the Local Rules. Local Rule 7.7 states that a "brief in reply to matters argued in a brief in opposition may be filed by the moving party within fourteen (14) days after service of the brief in opposition. No further briefs may be filed without leave of court." LR 7.7. While captioned a "supplemental submission regarding bail issues," Cordaro's brief merely re-emphasizes his position on release during habeas proceedings; a matter already briefed by both parties. Operating as a brief, Cordaro was required by the Local Rules to seek leave of Court prior to filing any additional briefs on a matter under consideration and fully briefed. As Cordaro never sought leave, any additional replies on a motion must be stricken. Thus, the Respondent's motion to strike the Petitioner's supplemental submission is **GRANTED**.

While the Court has no reason to analyze the contents of the supplemental submission given the procedural issues surrounding it, it is worth noting that Cordaro's June 9, 2017 submission relies on the same arguments as the original reply brief except adding a discussion on Cordaro's tax fraud convictions. Cordaro has argued that convictions for acts not specifically mentioned would nonetheless necessarily be vacated if he is successful in his petition. In any

event, to the extent Cordaro deemed the arguments contained in the supplemental submission necessary for consideration, such arguments should have been raised in the initial briefing or reply brief, or, if unavailable at the time, submitted *only* after requesting and being given leave of Court, as required by the Local Rules.

An appropriate Order follows.

**Dated: September 1, 2017**  *s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**